[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12828
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00049-JOF-GGB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIELLE NICOLE MCCASLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 29, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Danielle McCaslin appeals her sentence of 6 months' imprisonment, followed by 18 months' supervised release, imposed after she admitted to

numerous violations of her home confinement and her probation was revoked, pursuant to 18 U.S.C. § 3565. On appeal, she argues that her sentence is substantively unreasonable. After careful review, we affirm.

A sentence imposed upon the revocation of probation is reviewed for reasonableness, United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006), which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). In reviewing sentences for reasonableness, we typically perform two steps. Id. at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]

---

[1] In revoking probation, the district court should consider the factors in 18 U.S.C. § 3553(a) and impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. See 18 U.S.C. §§ 3553(a)(2), 3565(a). The sentencing court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).

The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors. Talley, 431 F.3d at 788. While we do not presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. Id.

Chapter 7 of the Sentencing Guidelines provides recommended ranges of imprisonment applicable upon revocation. See U.S.S.G. § 7B1.4. In the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to home confinement, use of the same or a less restrictive sanction is not recommended. U.S.S.G. § 7B1.3(c)(3). The Guidelines recommend a sentence of three to nine months' imprisonment for a defendant with a criminal history category of I who commits a Grade C probation violation. U.S.S.G. § 7B1.4(a).

Here, McCaslin has not shown that her sentence was substantively unreasonable.[2] As the record shows, the district court considered the arguments of the parties and the § 3553(a) factors. The court said that it considered the large number of violations to be "very serious." 18 U.S.C. § 3553(a)(1),(2) (nature and circumstances of the offense; need for the sentence imposed to reflect the seriousness of the offense). The court noted that it had previously imposed a lenient sentence on McCaslin because of her children, but that it regretted doing so. 18 U.S.C. § 3553(a)(1) (history and characteristics of the defendant). After hearing the reasons put forth by McCaslin as to why she violated probation, the court stated that her excuses "don't hold together." 18 U.S.C. § 3553(a)(2)(A) (promote respect for the law). The court also observed that McCaslin had a non-

---

[2] McCaslin raises no challenge to the procedural reasonableness of her sentence, and accordingly, she has waived any claim in this respect. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that issues not raised in an initial brief on appeal are deemed abandoned).

4

negotiable responsibility as a citizen to abide by the laws. Id. The court took into consideration the mitigating factor that McCaslin had attempted to secure employment. 18 U.S.C. § 3553(a)(1) (history and characteristics of the defendant). However, the court ultimately concluded that incarceration was necessary to "teach[] a lesson." 18 U.S.C. § 3553(a)(2)(A) (reflect the seriousness of the offense; provide just punishment for the offense; afford adequate deterrence to criminal conduct). While it appears that the court heavily emphasized the need to promote respect for the law, the weighing of the individual § 3553(a) factors is left to the sound discretion of the court. Snipes, 611 F.3d at 872. Additionally, when asked whether it had considered the § 3553(a) factors in imposing the revocation, the court stated that it had. No further explanation was required. See United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005) (holding that post-Booker, the district court's acknowledgement that it had considered the parties' arguments and the § 3553(a) factors was sufficient).

In imposing incarceration, the court specifically found that further home confinement was not warranted. See also U.S.S.G. § 7B1.3(c)(3). Moreover, the court recognized that the applicable sentencing range was three to nine months, and chose a sentence from within that range. 18 U.S.C. § 3553(a)(3)-(4) (the kinds of sentences available and the applicable sentencing range for probation violations). We normally expect such a sentence to be reasonable. Talley, 431

5

F.3d at 788.    Accordingly, in light of the record and the § 3553(a) factors, McCaslin cannot meet her burden of showing that the court abused its discretion in sentencing her to 6 months' imprisonment and 18 months' supervised release. Id.

**AFFIRMED.**